UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| BOARD OF TRUSTEES, SHEET METAL WORKERS' NATIONAL PENSION FUND, <br><br> Plaintiff, <br><br> v. <br><br> AERODYNAMICS INSPECTING COMPANY, et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 1:20-cv-01592 (TSE/IDD) <br> ) <br> ) <br> ) <br> ) <br> ) |

**REPORT AND RECOMMENDATION**

This matter is before the Court on the Board of Trustees of the Sheet Metal Workers' National Pension Fund ("Fund" or "Plaintiff") Motion for Default Judgment ("Motion") against Aerodynamics Inspecting Company and Aerodynamics Inspecting LLC (collectively, "Defendants"). Dkt. No. 17. After a licensed attorney for Defendants failed to appear at the hearing on April 9, 2021, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation. Upon consideration of the Complaint, Plaintiff's Motion for Default Judgment, and the supporting documentation thereto, the undersigned Magistrate Judge makes the following findings and recommends that the Motion be **GRANTED** on Counts I and II of the Complaint.

**I.   INTRODUCTION**

On December 28, 2020, Plaintiff filed this action under Sections 502, 515, and 4301 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132, 1145, and 1451. *See* Compl. ¶ 4. This law allows parties to enforce provisions of collective

1

bargaining agreements. In its Complaint, Plaintiff seeks delinquent withdrawal liability payments, interest, liquidated damages, and attorney's fees and costs, pursuant to ERISA. *Id*. at 8.

### A. Jurisdiction and Venue

This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 because this case arises under a federal law, ERISA. Furthermore, jurisdiction is conferred upon this Court by 29 U.S.C. §§ 1132 (e) and (f), and 29 U.S.C. § 1451 (c).

The Court has personal jurisdiction over Defendant pursuant to ERISA, which provides that any action brought under the statute "may be brought in the district where the plan is administered." *See* 29 U.S.C. § 1132(e)(2). ERISA also allows for nationwide service of process. *Id*. "Where a defendant has been validly served pursuant to a federal statute's nationwide service of process provision, a district court has personal jurisdiction over the defendant so long as jurisdiction comports with the Fifth Amendment." *Trustees of the Plumbers & Pipefitters Nat. Pension Fund v. Plumbing Services, Inc.*, 791 F.3d 436, 443 (4th Cir. 2015). To support a Fifth Amendment challenge, a defendant must show that "the district court's assertion of personal jurisdiction over [them] would result in 'such extreme inconvenience or unfairness as would outweigh the congressionally articulated policy' evidenced by a nationwide service of process provision." *Id*. at 444 (quoting *Denny's, Inc. v. Cake,* 364 F.3d 521, 524 n. 2 (4th Cir. 2004)). A citizen of the United States would have difficulty showing such extreme inconvenience or unfairness. *Id*. Here, the Funds are administered in Fairfax, Virginia, which is within the Eastern District of Virginia. Compl. ¶1. As discussed below, Defendants were properly served with process. Because Defendant Aerodynamics Inspecting Company ("Aerodynamics Co.") is incorporated under Michigan law and has its principal place of business in Michigan, (Compl. ¶ 2), it would be "highly unusual" for Defendant Aerodynamics Co. to show that any "inconvenience

will rise to a level of constitutional concern." *Plumbers & Pipefitters*, 791 F.3d at 444. The same is true of co-Defendant Aerodynamics Inspecting LLC ("Aerodynamics LLC"), which exists under Florida law and is authorized to conduct business in Michigan with its principal office located in Dearborn, Michigan. Compl. ¶ 3. Therefore, this Court has personal jurisdiction over Defendants.

Finally, venue is proper under 29 U.S.C. §§ 1132(e)(2) and 1451(d) as the Plaintiff Fund is administered in this district, and its principal place of business is in Fairfax, Virginia. *See* Compl. ¶ 1 and 5. Therefore, venue is appropriate in this Court.

### B. Service of Process

Under 29 U.S.C. §§ 1132(e)(2), service of process is proper in any district where a defendant resides or may be found. Although §§ 1132(e) states where a defendant may be served, the Federal Rules of Civil Procedure provide the manner in which service must occur. Under Rule 4(h), service upon a corporation, partnership, or other unincorporated association shall be effectuated "in the manner prescribed by Rule 4(e)(1) for serving an individual; or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(h).

On January 20, 2021, a private process server served a true and correct copy of the Summons and Complaint on Laszlo A. Lukacs Sr., owner of Aerodynamics Inspecting Co. Dkt. No. 9. On February 12, 2021, a private process server mailed and served a true and correct copy of the Summons and Complaint on Camelia Moldovan, who accepted service for Aerodynamics LLC. Dkt. No. 11. Therefore, Plaintiff properly served Defendants pursuant to 29 U.S.C. §§ 1132(e)(2) and Rule 4(h).

### C. Grounds for Default

Plaintiff filed its Complaint on December 28, 2020. Dkt. No. 1. Defendants have failed to

appear, answer, or file any other responsive pleadings in this matter. On March 11, 2021, Plaintiff filed a Request for Entry of Default as to Defendant Aerodynamics Inspecting Co. Dkt. No. 10. On March 12, 2021, Plaintiff filed a Request for Entry of Default as to Defendant Aerodynamics Inspecting LLC. Dkt. No. 12. The Clerk entered default against both Defendants on March 16, 2021. Dkt. No. 15. On April 2, 2021, Plaintiff filed a Motion for Default Judgment, and the Court conducted a hearing on the matter on April 9, 2021. Dkt. Nos. 17, 20. After Defendants failed to appear at the April 9, 2021 hearing, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation.

## II. EVALUATION OF PLAINTIFF'S COMPLAINT

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of default judgment when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend. *See Music City Music v. Alfa Foods, Ltd.*, 616 F. Supp. 1001, 1002 (E.D. Va. 1985). Foremost, a court must be satisfied that the complaint states a legitimate cause of action. *See Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians*, 155 F.3d 500, 506 (4th Cir. 1998) (holding that the district court erred in granting default judgment to the plaintiff where the plaintiff failed to state a claim). A defendant in default concedes the factual allegations of the complaint. *See, e.g.*, *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); *see also Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006) (noting default has the effect of admitting the factual allegations in the complaint). Default does not, however, constitute an admission of the adversary's conclusions of law and is not to be "treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Ryan*, 253 F.3d at 780 (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Instead, the court must "determine whether the well-pleaded

4

allegations in [the plaintiff's] complaint support the relief sought in [the] action." *Id.*

Thus, in issuing this Report and Recommendation, the undersigned Magistrate Judge must evaluate Plaintiff's claims against the standards of Rule 12(b)(6) of the Federal Rules of Civil Procedure to ensure that the Complaint contains plausible claims upon which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining the analysis for examining a plaintiff's claims under a 12(b)(6) motion to dismiss). To meet this standard, a complaint must set forth sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In determining whether allegations are plausible, the reviewing court may draw on context, judicial experience, and common sense. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. at 679).

### III. FACTUAL FINDINGS AND ANALYSIS

Upon a full review of the pleadings, the undersigned Magistrate Judge finds that Plaintiff has established the following facts. Plaintiff Fund is the sponsor and administrator of a multi-employer employee pension benefit plan administered from offices located in Fairfax, Virginia.[1] Compl. ¶ 1. Defendant Aerodynamics Co. is a corporation existing under Michigan law and has its principal place of business in Dearborn, Michigan. *Id.* ¶2. At all relevant times, Defendant Aerodynamics Co. has been an "employer in an industry affecting commerce," as defined by 29 U.S.C. § 142(1), (3), and 152(2); 29 U.S.C. § 1002(5), (9), (11) and (12); and 29 U.S.C. § 1001a. *Id.* Defendant Aerodynamics LLC is a limited liability company existing under Florida law and authorized to conduct business in Michigan with its principal office located in Dearborn, Michigan. *Id.* ¶ 3. At all relevant times, Defendant Aerodynamics LLC has been an "employer in an industry

---

[1] Such plans are defined by ERISA, 29 U.S.C. §§ 1002(3), (37).

affecting commerce," as defined by 29 U.S.C. § 142(1), (3), and 152(2); 29 U.S.C. § 1002(5), (9), (11) and (12); and 29 U.S.C. § 1001a.). *Id.*

Defendant Aerodynamics Co. was signatory to the Collective Bargaining Agreement ("CBA" or "Agreement") with Sheet Metal Workers Local 33 ("Local 33" or the "Union"), and pursuant to the CBA agreed to be bound by the Trust Agreement establishing the Fund. Compl. ¶6-7. Pursuant to those agreements, Aerodynamics Co. was obligated to contribute and contributed to the Fund. *Id.* ¶6. The Fund assesses withdrawal liability against employers whose obligation to contribute to the Fund terminates. Declaration of Kenneth Anderson, Jr. in Support of Plaintiff's Motion for Default J. (hereinafter, "Anderson Decl.") ¶ 8, Dkt. No. 18-1. The Fund determined that Aerodynamics Co. effected a complete withdrawal from the Fund on May 1, 2015 when it ceased to have an obligation to contribute, but continued through Aerodynamics LLC to perform the same type of work covered by the CBA under which contributions were previously required. *Id*. ¶10. On August 20, 2018, the Fund sent to Aerodynamics Co., by email and physical mail, a notice of withdrawal liability to the Fund. *Id.* ¶ 11. The Fund assessed the company $221,075.56 in withdrawal liability that could be paid in 44 quarterly payments. *Id.* The Fund received a responsive email from Laszlo R. Lukacs confirming receipt. *Id.* ¶ 12; Ex. 4, Dkt. No. 18-1 at 109[2]. The company failed to make its first withdrawal liability payment by October 1, 2012. Anderson Decl. ¶13. The Fund sent to Aerodynamics Co. by certified mail a delinquency notice that explained failure to make a payment within 60 days would result in the entire withdrawal liability being owed. *Id.* ¶¶ 14-15. Plaintiff contends that Aerodynamics LLC constitutes a substantial continuation of, and is the legal successor to, Aerodynamics Co. Compl. ¶¶ 8-10. As such,

---

[2] Plaintiff included all of its exhibits in the Anderson Decl. instead of filing them separately. Because the pagination differs on each exhibit, the page number here refers to ECF pages.

Aerodynamics LLC is jointly and severally liable for all amounts owed to the Fund by its predecessor. *Id.* The Defendants owe the Fund $221,075.56 in withdrawal liability, $44,215.11 for liquidated damages, $38,654.63 in interest and $10,985 in attorney's fees. Pl.'s Mot. for Default J. at 3.

### A. Count I –Aerodynamics Co. Withdrawal Liability

Section 515 of ERISA, 29 U.S.C. § 1145, provides that employers obligated to make contributions to a multiemployer plan under the terms of a collectively bargained agreement shall make such contributions in accordance with the agreement. Section (b) provides that if an employer fails to make any withdrawal liability payment within the time prescribed, that failure shall be treated in the same manner as a delinquent contribution. 29 U.S.C. § 1451(b). Section 502 of ERISA, 29 U.S.C. § 1132(g)(2), establishes the damages imposed on an employer who fails to make the required contributions. Under that section, in an action to enforce Section 515, the court shall award the plan unpaid contributions, interests on the unpaid contributions, liquidated damages provided for under the plan not to exceed 20 percent, reasonable attorney's fees and costs and such other legal or equitable relief as the court deems appropriate. 29 U.S.C. § 1132(g)(2). Pursuant to Section 4219(c)(5) of ERISA, a plan sponsor may, in the event of a default, require immediate payment of the outstanding amount of an employer's withdrawal liability, plus accrued interest on the total outstanding liability from the due date of the first payment which was not timely made. 29 U.S.C. § 1399(c)(5).

The Agreement with Local 33 incorporates the Declaration of Trust ("Trust Agreement"). Compl ¶7. Withdrawal liability is based on the value of the Fund's unfunded vested benefits, the value by which the plan's vested benefits exceed plan assets. Anderson Decl. ¶ 9. In accordance with the Trust Agreement, the Fund determines the amount of unfunded vested benefits allocated

7

to a withdrawing employer. *Id.* Pursuant to the Trust Agreement and 29 U.S.C. § 1399(c)(5), the Fund is entitled to a withdrawal liability to be paid in full as a result of Aerodynamics Co.'s withdrawal from the fund and failure to make installment payments within the time allotted. On August 20, 2018, Plaintiff alerted Defendant Aerodynamics Co. via email and physical mail of its withdrawal liability and the due date of its first payment. Anderson Decl. ¶11. A late-payment notice, dated December 21, 2018, was sent via certified mail to the company's two known addresses. Compl. ¶15. The notice gave the company 60 days to cure its nonpayment or the entire sum of the withdrawal liability would become immediately due and owing. *Id.* Since no payment was made within 60 days, the company is in default, as defined in 29 U.S.C. § 1399(c)(5), and owes the full amount of the withdrawal liability and interest. Because the company failed to make the contractually required contribution payments, the Fund is entitled to: (1) interest on the delinquent contributions at a rate of 0.0205% compounded daily, calculated from the date of the first missed payment; and (2) liquidated damages in the amount of the greater of interest on the delinquent withdrawal liability or 20 percent (20%) of the delinquent withdrawal liability. Ex. 2, Trust Agreement, Appendix A, § 8(d), Dkt. No. 18-1 at 96-97.

Defendant Aerodynamics Co. owes the entire withdrawal liability assessment in the amount of $221,075.56. Compl. ¶ 29 According to the Trust Agreement, interest on delinquent contributions is compounded at a daily rate of 0.0205%. Trust Agreement, Appendix A, § 8(d). Thus, pursuant to the Trust Agreement and 29 U.S.C. § 1132(g)(2), from October 1, 2018 through April 9, 2021, Defendant Aerodynamics Co. owes $38,654.63 in interest. Pl.'s Mot. for Default J. at ¶12b; Anderson Decl. ¶19.

Aerodynamics Co. also is liable for liquidated damages. Pursuant to Sections 502, 515 and 4301(b) of ERISA, 29 U.S.C. §§ 1132, 1145 and 1451(b), and the Trust Agreement, Defendant

Aerodynamics Co. owes liquidated damages in the amount of 20 percent of the delinquent withdrawal liability. Pl.'s Mot. for Default J. at ¶12c; Thus, Aerodynamics Co. owes $44,215.11 in liquidated damages. *Id.*; Anderson Decl. ¶21. In sum, Aerodynamics Co. owes $303,945.30 in withdrawal liability, liquidated damages, and interest.

### B. Count II –Successor Liability

As a general rule, a corporation that acquires the assets of another corporation does not acquire its liabilities unless (1) the successor expressly or impliedly agrees to assume the liabilities of the predecessor; (2) the transaction may be considered a de facto merger; (3) the successor may be considered a "mere continuation" of the predecessor; or (4) the transaction is fraudulent. *United States ex rel. Bunk v. Gov't Logistics N.V.*, 842 F.3d 261, 273 (4th Cir. 2016)(citing *United States v. Carolina Transformer Co.*, 978 F.2d 832, 838 (4th Cir. 1992)).

In its Supplemental Memorandum in Support of the Motion for Default Judgment (hereinafter, "Supplemental brief"), Plaintiff submitted authority that successor liability, as applied to ERISA cases, can be imposed when the successor entity had notice of the liability and there is continuity of business operations.[3] *Ind. Elec. Workers Pension Ben. Fund v. ManWeb Servs.*, 884 F.3d 770, 773-74 (7th Cir. 2018). See also *Upholsterers' Int'l Union Pension Fund v. Artistic Furniture of Pontiac*, 920 F.2d 1323, 1329 (7th Cir. 1990)("We must find that there exist sufficient indicia of continuity between the two companies and that the successor firm had notice of its predecessor's liability.") Notice can be proven by showing actual knowledge or knowledge implied from the circumstances, such as common control and proximity. *Sullivan v. Running Waters Irrigation, Inc.*, 739 F.3d 354, 357 (7th Cir. 2014). To determine if there is continuity of business, the Court looks at relevant factors in six categories: ownership, physical assets,

---

[3] Plaintiff also notes the Defendants waived any argument that successor liability does not exist by failing to timely initiate arbitration pursuant to 29 U.S.C. § 1401.

intangible assets, management and workforce, business services, and customers. *Ind. Elec. Workers Pension Ben. Fund*, 884 F.3d at 778.

As indicated by Plaintiff's presentation of authority in its supplemental brief, the two-prong standard of successor liability, as applied to ERISA cases, is well developed in the Seventh Circuit. The undersigned found minimal support for this doctrine in the Fourth Circuit. *See Jeter v. Century 21 Bob Capes Realtors, Inc.*, No. 3:11-CV-627-CMC, 2011 U.S. Dist. LEXIS 70726, at *12-13 (D.S.C. June 29, 2011)("[T]he requirements for imposing successor liability are somewhat more lenient for purposes of imposing liability for violations of federal rights (such as those protected by ERISA) than for other obligations.") The *Jeter* court explained the standard cited by Plaintiff, but determined it was premature at that stage of litigation to consider successor liability. The cases in this circuit most analogous to Plaintiff's effort to hold a successor entity liable involve determining whether the liable corporation and its successor constituted a single employer pursuant to 29 U.S.C. 1301(b)(1), especially when the successor argues that it was never an employer for ERISA purposes. The other common case is when Plaintiff claims the successor is the alter ego of the liable corporation. *See Plumbers & Pipefitters*, 791 F.3d at 448 (holding that pension fund could look to successor to satisfy defunct predecessor's withdrawal liability because the two companies shared a sole shareholder and were thus a single employer); *Asbestos Workers Local 24 Pension Fund v. NLG Insulation, Inc*., 760 F. Supp. 2d 529, 542 (D. Md. 2010)(employer and successor constituted a single employer given their common ownership, leadership, office, clients, equipment, and employees); *Holland v. High-Tech Collieries*, 911 F. Supp. 1021, 1034 (N.D.W. Va. 1996)(denying alter ego claim after finding Defendant was independent business entity that acted for its own business interests.). Plaintiff did not argue that Defendants constituted a single employer pursuant to 29 U.S.C. 1301(b)(1).

Therefore, the undersigned will consider whether Aerodynamics LLC is jointly and severally liable for the withdrawal liability of Aerodynamics Co. under the alter ego theory of liability as applied by courts in this Circuit. "In the context of ERISA, 'piercing the corporate veil' or 'alter ego and mere instrumentality' theories may provide a basis for imposing liability on one corporation for the actions of another." *Jones v. Wood*, No. 5:18-CV-274-FL, 2019 U.S. Dist. LEXIS 49818, at *20 (E.D.N.C. Mar. 26, 2019) (quoting *Peacock v. Thomas*, 516 U.S. 349, 354, 116 S. Ct. 862, 133 L. Ed. 2d 817 (1996)). Under the alter ego standard applied to withdrawal liability and other ERISA delinquent contribution cases, the Court must ask "whether the two enterprises have substantially identical management, business, purpose, operation, equipment, customers, supervision, and ownership."[4] *Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. Columbus Show Case Co.*, Civil Action No. 1:14cv0478 (LO/JFA), 2014 U.S. Dist. LEXIS 107251, at *17 (E.D. Va. July 11, 2014) (determining new company to be alter ego and mere continuation of corporation in default and therefore jointly liable for withdrawal liability). See also *Bd. of Trustees, Sheet Metal Workers' Nat. Pension Fund v. Redbird Heating & Cooling Enterprises, Inc.*, E.D. Va. No. 1:09CV68(JCC/JFA), 2009 WL 1608751, at *7 (E.D. Va. June 1, 2009)(granting motion for default judgment after adopting uncontested allegations that, for purposes of withdrawal liability, the new company was the alter ego of the older one because they had substantially identical management, business purpose, operations, equipment, customers, supervision and ownership); *Trustees of Nat. Automatic Sprinkler Indus. Pension Fund v. Budget Plumbing Corp., Inc.*, 111 F. Supp. 2d 716, 720 (D. Md. 2000)(holding that companies that shared common customers, equipment, business purposes, and interrelated operations were a single

---

[4] These factors are substantially identical to the continuity-of-business factors considered by courts in the Seventh Circuit. Therefore, without exhaustive discussion, the Court concludes that analysis under Seventh Circuit factors would yield the same result.

11

employer and alter egos of one another and jointly responsible for delinquent pension contributions).

The factual allegations support a finding that Aerodynamics LLC is the alter ego of Aerodynamics Co. First, there is common ownership, supervision, and management between the two companies. Aerodynamics Inspecting LLC is owned by Laszlo R. Lukacs, who was an officer and since 1993 partial owner with his father, Lazlo A. Lukacs Sr., of Aerodynamics Inspecting Co. Ex. 7, Dkt. 18-1 at 146 and 177. The son also identified himself as presidents of both companies. Anderson Decl. ¶26; Answer at 18, Dkt. No. 16. Thus, the two companies have substantially identical ownership, supervision, and management. Second, the two enterprises perform the same or similar work in the sheet metal industry in the same geographic area. Anderson Decl. ¶25. Correspondence from Laszlo R. Lukacs shows that Aerodynamic LLC uses the same telephone, fax, cell phone numbers and email address that were used by Aerodynamics Co. Supplemental brief at 4; Anderson Decl. ¶ 26. Aerodynamic LLC operates from the same corporate address at 6325 Chase Road, Dearborn, Michigan 48126 as Aerodynamics Co. Supplemental brief at 4. The father sold the assets of Aerodynamics Co. to his son, suggesting that the new business continues with the same equipment as the old company. Supplemental brief at 4; Ex. 1, Dkt. 18-1 at 130. The two companies entered into a purported "franchise" agreement whereby the father's company granted the son's company authority to use Aerodynamics Inspecting Company's proprietary marks and "conceptualization, specifications, design, [and] marketing." Supplemental brief at 5; Answer at 6. Thus, the undersigned finds that Aerodynamics LLC is the alter ego of Aerodynamics Co. and is jointly and severally liable for the withdrawal liability, liquidated damages, interest and attorney's fees and costs owed by Aerodynamics Co.

12

### C. Attorney's Fees and Costs

Finally, Plaintiff seeks $12,472.00 in attorney's fees and costs. Pl.'s Motion for Default J. at 3. When a plaintiff is awarded judgment to collect unpaid sums under ERISA, the plaintiff is entitled to collect reasonable attorney's fees and costs of the action. 29 U.S.C. § 1132(g)(2)(D).

In the declaration provided by its attorney and a detailed billing statement, Plaintiff claims $1,487.00 in costs and $10,985.00 in attorney's fees based on 33.8 hours of counsel time spent at a rate of $325.00 per hour in attorney time. See Decl. of Rebecca W. Richardson in Supp. of Pl.'s Mot. for Default J ¶¶ 6-10, Dkt. No. 18-2. The undersigned finds these rates to be consistent with reasonable rates charged in the Eastern District of Virginia for like matters and that the number of billable hours spent on the case to be reasonable. Therefore, the undersigned finds Plaintiff's request for attorney's fees and costs to be reasonable and therefore recommends an award of $12,472.00.

### IV.     RECOMMENDATION

The undersigned Magistrate Judge recommends entry of default judgment in favor of the Board of Trustees of the Sheet Metal Workers' National Pension Fund on Counts I and II. In sum, Plaintiff is entitled to damages in the total amount of $303,945.30 (including interest through April 9, 2021) and attorney's fees and costs in the amount of $12,472.00, for a grand total of $316,417.30.

### V.     NOTICE

**By mailing copies of this Report and Recommendation, the parties are notified that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of service on**

**you of this Report and Recommendation. A failure to file timely objections to this Report and Recommendation waives appellate review of the substance of the Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.**

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and to Defendants at the following addresses:

AERODYNAMICS INSPECTING COMPANY
6325 Chase Road
Dearborn, Michigan 48126

Laszlo A. Lukacs, Owner/Registered Agent
24700 Grand Traverse Avenue
Brownstone, Michigan 48126
llukacssr@aol.com


AERODYNAMICS INSPECTING, LLC
6325 Chase Road, Suite C
Dearborn, Michigan 48126

Laszlo R. Lukacs, Registered Agent
Aerodynamics Inspecting LLC
32120 Truman Road
Rockwood, MI 48173
llukacsjr@gmail.com


July 14, 2021                                          /s/ Ivan D. Davis
Alexandria, Virginia                                   Ivan D. Davis
                                                       United States Magistrate Judge